

NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| ROSEMARY VILLAGE COOPERATIVE, INC., | * | Case No. 03-17540-NVA (Chapter 11) |
| | * | |
| Debtor. | * | |

\* \* \* \* \* \* \*

| | | |
|---|---|---|
| ENRIQUE SANTOS, | * | |
| Plaintiff, | * | |
| v. | * | Adv. No. 04-1372-NVA |
| POMENYA, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \*

| | | |
|---|---|---|
| ROSEMARY VILLAGE COOPERATIVE, INC., | * | |
| | * | |
| Plaintiff, | * | |
| v. | | Adv. No. 04-1395-NVA |
| | * | |
| SANTOS, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF DECISION REGARDING ORDER
(1) GRANTING MOTION OF ENRIQUE SANTOS FOR REMAND [7] IN
ADV. NO. 04-1372-NVA; (2) REMANDING CASE TO CIRCUIT COURT
OF MARYLAND FOR MONTGOMERY COUNTY, AND (3) GRANTING
<u>DEBTOR'S COMPLAINT FOR INTERPLEADER [1] IN ADV. NO. 04-1395-NVA</u>**

The Court has before it several interrelated motions and requests in two adversary proceedings, Adv. No. 04-1395 (the "Interpleader Action") and Adv. No. 04-1372 (the "Removed Action"), which are more fully identified and discussed below. On August 15, 2005, the Court held a hearing in the Removed Action, on the Motion of Enrique Santos ("Mr. Santos") for Remand (the "Remand Motion") [7] of an action that had been removed to this Court from the Circuit Court of Maryland for Montgomery County (the "Montgomery County Circuit Court") pursuant to 28 U.S.C. § 1452(a). Also on August 15, 2005, the Court held a hearing in the Interpleader Action, on the request by the Debtor to interplead funds. For the reasons that follow, the case will be remanded to the Montgomery County Circuit Court and the Court will grant the request by the Debtor to interplead funds, but will direct the funds to be placed in the hands of the Montgomery County Circuit Court.

A list of the pleadings called by the Court on August 15, 2005 and those considered in determining to remand the matter follows:

    a.    <u>Pleadings in the Removed Action (Adv. No. 04-1372-NVA)</u>:

[1] Notice of Removal, filed by Margaret [Pomenya], Eddie Powell, Alem Moges, Audrey Schlesinger, et al., on March 22, 2004;

[6] Conditional Motion to Compel and to Enlarge Time to Respond to Notice of Removal, filed by Mr. Santos on April 6, 2004;[1]

[7] Motion for Partial Remand, filed by Mr. Santos on April 5, 2004;

---

[1] Because of the multiple requests for relief contained in this pleading, the Clerk's office docketed it twice, as [6] Conditional Motion to Compel and as [12] Motion to Enlarge Time to Respond to Notice of Removal.

[10] Opposition to Defendant's Partial Remand, Motion to Compel and Expansion of Time to Respond, and Plaintiffs' Motion and Order to Have the Funds of Plaintiffs' Equity Interest Dispersed, filed by certain named and unnamed plaintiffs (collectively, the "Removal Parties," who will be identified further below);[2]

[16] Motion to Amend, Motion in Opposition and Response to Defendant's Motion to Strike and Plaintiff's Counterclaim, filed by the Removal Parties on May 12, 2004;[3]

[20] Motion to Dismiss Counterclaim, Motion for More Definite Statement and Objection to Jury Demand, filed by Mr. Santos on June 3, 2004;

[24] Response and Opposition to Motion for Remand, et al., filed by the Removal Parties on June 25, 2004; and

[28] Document entitled Defendants ReUrge their Response and Opposition to Plaintiff's June 28, 2004 and July 7 & 8 Motions, filed by the Removal Parties on July 15, 2004.

b.     Pleadings in the Interpleader Action (Adv. No. 04-1395-NVA):

[1]  Complaint for Interpleader and Declaratory Relief filed by Rosemary Village Cooperative, Inc. ("Rosemary Village" or the "Debtor") on April 12, 2004;

[12]  Motion to Dismiss, filed by Mr. Santos on May 13, 2005;

[23]  Report Pursuant to Court Order and Supplemental Motions to Establish Consistency Therewith filed by Mr. Santos on June 28, 2004; and

[25] Supplemental Response, filed by Mr. Santos on July 7, 2004.

The Court has also reviewed the numerous other pleadings filed in both Adversary Proceedings, as well as the Chapter 11 Final Report and Motion for Final Decree to Close the Case Administratively [351] (the "Final Report"), filed by the Debtor in the main case on June 17, 2005.  This Memorandum of Decision and the accompanying Order are intended to dispose

---

[2]    Because of the multiple requests for relief contained in this pleading, the Clerk's office docketed it twice, as [10] Objection to Motion to Compel and [13] Motion and Order to Have Funds of Defendants' Equity Interest Dispersed.

[3]    Because of the multiple requests for relief contained in this pleading, the Clerk's office docketed it four times, as [16] Motion to Amend Pleadings, [17] Opposition to Motion to Strike (which motion was filed by Mr. Santos on April 30, 2004 [11]), [18] Counterclaim, and [19] Jury Demand.

-3-

of all pending motions in both Adversary Proceedings that deal with Mr. Santos' request for remand and/or dismissal on jurisdictional grounds. To the extent any of the other pleadings remain outstanding in the title 11 case after entry of this Memorandum of Decision and the Order, the Court will dispose of them separately.

## **BACKGROUND**

A short summary of who the parties are and how they came before this Court is warranted. The Removal Parties (as identified hereinafter), along with other individuals not before this Court, are or were members of Rosemary Village, which was a nonprofit housing cooperative. On July 23, 2003, Rosemary Village filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Rosemary Village owned a multi-family residential development in Silver Spring, Maryland (the "Property"). The Removal Parties owned shares in the cooperative and lived in the housing development.

By the time this case began to take shape, the housing development had been cited by Montgomery County for approximately 6,000 housing code violations, the laundry rooms and boiler rooms had been condemned by the county fire marshal, and about 10 percent of the units were vacant. In 2002, a majority of the members of the cooperative voted to approve a proposed sale of the Property, which sale was later challenged by some dissenting members in the Montgomery County Circuit Court. The consequent delay in closing on the sale and a fear that the County would condemn the Property as a whole led to the filing of the bankruptcy petition on July 23, 2003. The Property was eventually sold with approval of the Bankruptcy Court by Order [90] entered in the main chapter 11 case on October 3, 2003.

Mr. Santos had been retained by the dissenting members to fight the sale. They lost that fight for several reasons, which are not required to be set out here. Fifteen of the dissenters then

allegedly failed or refused to pay Mr. Santos for his services.  On March 9, 2004, Mr. Santos filed a First Amended Complaint (the "Complaint") against them in the Montgomery County Circuit Court in a case captioned *Santos v. Pomenya, et al.*, Case No. 250156-V, and at the same time was pursuing his pending Motion for Preliminary Injunction (collectively, the "State Court Action").  The Complaint contains seven counts: (I) Breach of Contract; (II) Quasi-Contract; (III) Fraud; (IV) Wrongful Interference with Contractual Relations; (V) Defamation; (VI) Civil Conspiracy; and (VII) Aiding and Abetting.  In the Complaint Mr. Santos seeks compensatory damages in the amount of $250,000 and punitive damages in the amount of $500,000, as well as interest, fees and costs.

The Complaint was served on the following individuals, all of whom resided at that time in Silver Spring, Maryland: Margaret Pomenya, Alem Moges, Kadijatu Jalloh, Francois Jules, Grace Campbell, Richard Gaskins, Yvette Hawkins, Alganesh Mebrahtu, Eddie Powell, Cheick A. Tounkara, Hasiba Succer, Audrey Schlesinger, Marjorie Walton and Enona Williams.  These parties, with the exception of Ms. Pomenya, have been identified as the Removal Parties.  On August 15, 2005, Ms. Pomenya stated to this Court that she is not represented by counsel and that she does not wish to continue as a party in this matter.  That request will be granted.

On March 22, 2004, the Removal Parties filed the Notice of Removal [1].  Attached to it as exhibits were the following documents:

    a.    Defendants' Answers and Responses in Opposition to Plaintiff's Motion for Preliminary Injunction (attached to this document are several other documents, including Mr. Santos' First Amended Complaint);

    b.    Motion for Order to Shorten Time to Answer and Set Hearing on Motion for Preliminary Injunction;

    c.    Legal Services Agreement dated November 27, 2002;

  d.  Notices from Law Office of Enrique Santos dated April 21, 2003, and signed acknowledgments;

  e.  Affidavit of Emiliana Victoria Lobos, successor Trustee of the Friends of Rosemary Village Cooperative Trust dated March 9, 2004;

  f.  Invoice in the amount of $ 184,693.00 dated August 20, 2003 and time sheets from the Law Office of Enrique Santos; and

  g.  Invoice in the amount of $164,322.77 dated July 20, 2003 and time sheets from the Law Office of Enrique Santos.

On March 15, 2004, a week before the Removed Action was commenced, the Court confirmed the Debtor's Amended Plan of Reorganization (the "Plan") [263]. Pursuant to the Plan, distributions (in the form of proceeds from the sale of the Property) were to be made to the members, identified in the Plan as equity interest holders, within thirty days of entry of the Order confirming the Plan. Mr. Santos asserts that some portion of these distributions should be paid over to him, either because the members assigned their claims to him (and some members have done so as reflected by the assignments on the docket in the main case), or because he is entitled to the proceeds as damages in the State Court Action. For this reason, the Debtor commenced the Interpleader Action on April 2, 2004. In the Interpleader Action, the Debtor requests that the funds be deposited with the Court until the dispute over the proceeds is resolved.

## CONCLUSIONS

**Technical Requirements for Removal**

The Removal Parties filed their Notice of Removal pursuant to 28 U.S.C. § 1452(a). That section provides:

> "A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental units' police or regulatory

> power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

28 U.S.C. § 1452(a).

Mr. Santos alleged in the Remand Motion [7], that the Notice of Removal was defective because it did not comply with the requirements for removal set forth in Rule 9027(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Bankruptcy Rule 9027(a) provides:

> "A notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending. The notice shall be signed pursuant to Rule 9011 and contain a short and plain statement of the facts which entitle the party filing the notice to remove, contain a statement that upon removal of the claim or cause of action the proceeding is core or non-core and , if non-core, that the party filing the notice does or does not consent to entry of final orders or judgment by the bankruptcy judge, and be accompanied by a copy of all process and pleadings."

Fed. R. Bankr. Proc. 9027(a)(1).

The Court finds that the Notice of Removal [1] complies with the requirements of Bankruptcy Rule 9027(a), except that it fails to state whether the matter is core or non-core and whether the Removal Parties consent to the Bankruptcy Court entering final orders and/or judgments. However, the Court also finds that this defect was cured by the Removal Parties in the Motion to Amend Pleadings [16]. At paragraph 10, the Removal Parties stated: "In their amendment, Plaintiffs' motion to amend it[s] notice for removal is non-core and [do] not consent to the final order." In addition, at the hearing on August 15, 2005, in response to the direct question of this Court, Thomas P. Johnson, Esq., counsel for the Removal Parties, stated that the matter is non-core and that the Removal Parties do not consent to entry of final orders of this

Court should remand be denied.  For the foregoing reasons, the request for relief by Mr. Santos based on technical violations of the statute and Bankruptcy Rules will be denied.

**Mandatory Abstention**

Notwithstanding technical compliance with Bankruptcy Rule 9027(a), however, the Court finds that it is required by 28 U.S.C. § 1334(c)(2) to abstain from hearing the dispute. That section provides:

> "Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."

28 U.S.C. § 1334(c)(2).

It is clear from the counts recited in the Complaint pending in the State Court Action that the entire action is based on state law.  It is also clear that but for the bankruptcy case, none of these parties could have commenced the action in the federal district court (or, by reference, to this Court).  Jurisdiction of bankruptcy cases and proceedings is governed by 28 U.S.C. § 1334:

> "(a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district court, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

28 U.S.C. §§ 1334(a) and (b).

The bankruptcy court may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, and may enter appropriate

orders subject to review under 28 U.S.C. §158 (dealing with appeals).  28 U.S.C. § 157(b)(1).  A bankruptcy court may also hear a non-core proceeding that is otherwise related to a case under title 11, but may not enter final orders or judgments unless the parties consent and the district court refers the proceeding under section 157(a).  28 U.S.C. § 157(c).

Whether or not a proceeding is sufficiently related to a case under title 11 is not specifically governed by statute.  However, several jurisdictions have developed a test articulated by the Third Circuit in *Pacor v. Higgins (In re Pacor, Inc.)*, 743 F. 2d 984 (3d Cir. 1984), adopted by the Fourth Circuit in *A.H. Robins, Inc. v. Piccinin*, 788 F. 2d 994 (4th Cir. 1986). Under the *Pacor* test, an action is "related to" the bankruptcy case if: (a) the outcome of that action could alter the debtor's rights, liabilities, options or freedom of action; and (b) the outcome could conceivably have an impact on the handling and administration of the estate. *Pacor*, 743 F. 2d at 994.  Certain or likely alteration of the debtor's rights, or likely impact on the estate is not required; just the possibility of such alteration or impact is sufficient.  *Celotex Corp. v. Owens-Illinois, Inc.*, 124 F. 3d 619, 626 (4th Cir. 1997).

The Removal Parties have stated that the matter is non-core.  This Court agrees.  The Removal Parties assert that the case is related to the bankruptcy case because the funds at issue are proceeds from the sale of the Property, a sale that was approved by the Court, and because the Debtor is holding them pending further order of the Court.  The Court disagrees.  In this case, all of the litigants are non-debtors.  All of the claims are grounded in state law.  The Debtor has filed the Interpleader Action requesting, simply, that the funds be deposited with the Court until the matter is resolved.  The Debtor has also filed its Final Report.  The Debtor has no stake in the outcome of the dispute and there will be no impact on the administration of the estate because the funds will be turned over to the party entitled to them.  Whether the party entitled to the

-9-

funds is Mr. Santos or the Removal Parties is of no consequence from the perspective of administration of the Debtor's estate. Abstention is appropriate in this case because it is not a proceeding sufficiently related to the bankruptcy case to warrant jurisdiction by any court other than the Montgomery County Circuit Court, and the matter can be timely adjudicated there.

      For the foregoing reasons, the Motion of Enrique Santos for Remand will be granted, and the Debtor's request for Interpleader will be granted. An appropriate Order will be entered contemporaneously with this Memorandum of Decision.


cc:

Debtor
Debtor's Counsel
Defendant
Counsel for Removal Parties


**END OF MEMORANDUM OF DECISION**